UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIRST HORIZON BANK,

                Interpleading Plaintiff,

-v-

MOHAMMED GOLAM and SAYEM SOBHAN,

                Interpleaded Defendants.

CIVIL ACTION NO.: 23 Civ. 9408 (MMG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

On September 18, 2024, the Court ordered Defendant-Cross Claimant Mohammed Golam to serve Defendant-Cross Defendant Sayem Sobhan with a summons, the Complaint (ECF No. 1), Golam's Answer and Crossclaim (ECF No. 2), and the Court's September 16, 2024 Order (ECF No. 36). (ECF No. 38). At Golam's request, the deadline to perfect service on Sobhan was extended to October 28, 2024. (ECF No. 42). On October 17, 2024, Golam filed a "Non Service Report" from his process server, showing that the process server attempted and failed to serve Sobhan at his residence in Dubai three times. (ECF No. 43). To date, Golam has not perfected service on Sobhan.

Personal service by Golam's American process server failed, so Golam must turn to another form of international service. Sobhan resides in India, and Federal Rule of Civil Procedure 4(f) governs in these circumstances. Courts in this District have recognized that both India and the United States are signatories to the Hague Service Convention and, where a party wishes to serve an individual in India, the serving party must first attempt service through India's Central

Authority pursuant to Rule 4(f)(1) before asking the Court to approve international service by alternative means under Rule 4(f)(3). <u>Amaprop Ltd v. Indiabulls Fin. Servs. Ltd.</u>, Nos. 10 Civ. 1853 (PGG) (JCF) & 11 Civ. 2001 (PGG) (JCF), 2012 WL 4801452, at *6–9 (S.D.N.Y. Oct. 5, 2012) (collecting cases that allow alternative means of service under Rule 4(f)(3) only after the serving party tried and failed to perfect service through the Central Authority); <u>F.T.C. v. PCCare247 Inc.</u>, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *6 (approving alternative means of service under Rule 4(f)(3) after the serving party submitted the appropriate service papers to India's Central Authority pursuant to Rule 4(f)(1) and the Central Authority had not served the defendants after five months).

Accordingly, pursuant to Rule 4(f)(1), by **November 22, 2024**, Golam shall (i) submit a summons, the Complaint (ECF No. 1), Golam's Answer and Crossclaim (ECF No. 2), and the Court's September 16, 2024 Order (ECF No. 36) to India's Central Authority for service on Sobhan, and (ii) file a notice on the docket showing he submitted the documents to India's Central Authority.

On or before **January 3, 2025**, Golam shall file a status report indicating whether India's Central Authority served Sobhan.

If after an appropriate period India's Central Authority has not served Sobhan, Golam may then seek Court approval of alternative means of international service under Rule 4(f)(3). <u>See Amaprop Ltd.</u>, 2012 WL 4801452, at *6–9; <u>F.T.C.</u>, 2013 WL 841037, at *6.

2

Dated: New York, New York
October 30, 2024

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

3