UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIRST HORIZON BANK,

                    Interpleading Plaintiff,

-v-

MOHAMMED GOLAM and SAYEM SOBHAN,

                    Interpleaded Defendants.

CIVIL ACTION NO.: 23 Civ. 9408 (MMG) (SLC)

**ORDER FOR LIMITED APPEARANCE OF PRO BONO COUNSEL**

**SARAH L. CAVE**, United States Magistrate Judge.

At a videoconference held today, January 13, 2025 (the "Jan. 13 Conference"), pro se Defendant/Cross-Claimant Mohammed Golam requested the appointment of pro bono counsel for the purpose of settlement, in connection with Defendant/Cross-Defendant Sayem Sobhan's offer to settle this interpleader action (the "Request"). The Request is **GRANTED**, and the Court requests that the Clerk of Court seek pro bono counsel to enter a limited appearance for Mr. Golam for the purpose of settlement. Counsel shall file a Notice of Limited Appearance as Pro Bono Counsel.

The case, in short, concerns the release of $990,058.58 in disputed funds, which now-dismissed Interpleading-Plaintiff First Horizon Bank deposited with the Clerk of Court pending resolution of this action. (ECF Nos. 1; 9; 33; 36; 52). Mr. Sobhan, through counsel, consents to the release of all disputed funds to Mr. Golam. (ECF No. 52 at 2). At the Jan. 13 Conference, the parties discussed the parties' respective positions on settlement and agreed that the assistance

of limited scope counsel may increase the possibility of reaching an agreement at any future settlement conference.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of a pro se litigant's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Mr. Golam's representation beyond a settlement conference—and any related scheduling conferences—with the Court.  Pro bono counsel will not be required to respond to a dispositive motion.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Mr. Golam will end following completion of the settlement conference(s).

On the filing by pro bono counsel of a Notice of Completion, pro bono counsel's representation of Mr. Golam in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Mr. Golam or to the Court in this matter.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Mr. Golam for the limited purpose of settlement.  The Court advises Mr. Golam that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, some time may pass before a volunteer is located.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and if the Clerk of Court is unable to locate counsel, Mr. Golam must appear without counsel at any settlement conference in the case.

Dated: New York, New York
January 13, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

3