UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIRST HORIZON BANK,

Interpleading Plaintiff,

v.

SAYEM SOBHAN and MOHAMMED GOLAM,

Interpleaded Defendants.

CIVIL ACTION NO.: 23 Civ. 9408 (MMG) (SLC)

**REPORT & RECOMMENDATION**

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE MARGARET M. GARNETT**, United States District Judge:

## I. INTRODUCTION

In this interpleader action under Federal Rule of Civil Procedure 22, First Horizon Bank ("FHB") deposited with the Clerk of the Court nearly $1 million in disputed funds (the "Funds") (Dkt. No. 36), which Interpleaded Defendant Sayem Sobhan ("Mr. Sobhan") has now consented to release to Interpleaded Defendant Mohammed Golam ("Mr. Golam"). (Dkt. No. 76 at 2). The dispute over the Funds having been resolved, Mr. Sobhan has moved to dismiss as moot Mr. Golam's crossclaim, which sought an award of the Funds. (Dkt. Nos. 9 at 7 (the "Crossclaim"); 74–76; 83 (the "MTD")). Mr. Golam is willing accept the Funds, but only if certain additional conditions are applied. (Dkt. No. 78). For the reasons set forth below, we respectfully recommend that the MTD be **GRANTED**.

## II. BACKGROUND

### A. Factual Background

#### 1. The Accounts at FHB

In 2022, Mr. Sobhan opened an individual personal checking account (the "Sobhan Account") at FHB, a Tennessee-based bank. (Dkt. No. 1 ¶ 9). Mr. Sobhan was

designated as the sole owner and signer on the Sobhan Account. (Id. ¶ 10). Mr. Golam also maintained a personal checking account with FHB (the "Golam Account"). (Id. ¶ 11). On April 25, 2022, Mr. Sobhan provided FHB with a written letter of authorization informing FHB that Mr. Golam "assists [him] with all financial transactions in the United States" and authorizing Mr. Golam "to be added as a [s]igner for access to" the Sobhan Account. (Dkt. No. 1-2 (the "Letter")). Pursuant to the Letter, FHB updated the signature card on the Sobhan Account to reflect Mr. Sobhan as a signer. (Dkt. No. 1 ¶ 13).

In August 2022, Mr. Golam notified FHB that he was no longer handling Mr. Sobhan's affairs and someone else would manage the Sobhan Account. (Dkt. No. 1 ¶ 14). On October 17, 2022, however, Mr. Golam instructed FHB to transfer $990,058.58 from the Sobhan Account to the Golam Account, and then to transfer $990,000 from the Golam Account to Mr. Golam's personal account at TD Bank (the "TD Bank Account"). (Id. ¶ 15). Although FHB sought confirmation of the transfer, Mr. Golam "never provided confirmation" that Mr. Sobhan had approved the transfer. (Id.) Mr. Golam subsequently requested that the Funds be transferred back to the Sobhan Account. (Id. ¶ 16).

On October 20, 2022, Mr. Golam closed the Golam Account, but then on November 14, 2022, instructed FHB to wire funds from that account. (Dkt. No. 1 ¶¶ 17–18). When FHB reminded Mr. Golam that he had closed the Golam Account, he asked FHB to wire the funds from the Sobhan Account, which FHB declined to do absent confirmation from Mr. Sobhan. (Id. ¶ 18). Mr. Golam indicated that he was "not in a position to effectuate a call/meeting anymore with Mr. Sobhan." (Id.)

2

### 2. **The Golam Action**

On December 21, 2022, Mr. Golam commenced in New York State Supreme Court, New York County, an action against FHB for, <u>inter</u> <u>alia</u>, breach of contract, which FHB removed to this Court. <u>See</u> <u>Golam v. First Horizon Bank</u>, No. 23 Civ. 805 (VSB) (S.D.N.Y.) (the "Golam Action"). (<u>See</u> Dkt. No. 1 ¶ 19). In the Golam Action, Mr. Golam claimed joint ownership of the Sobhan Account and alleged that FHB improperly refused his November 14, 2022 request to transfer funds from the Sobhan Account to the TD Bank Account. (Dkt. No. 1-3 ¶¶ 12–23). On April 6, 2023, Mr. Golam voluntarily dismissed the Golam Action. (Golam Action, Dkt. No. 20).

### 3. **The First Interpleader Action**

On April 3, 2023, FHB filed an interpleader action in this Court against Mr. Golam and Mr. Sobhan. <u>See</u> <u>First Horizon Bank v. Golam et al.</u>, No. 23 Civ. 2781 (JGLC) (S.D.N.Y.) (the "First Interpleader Action"). After FHB failed to file timely proof of service of the summons and complaint on Mr. Golam and Mr. Sobhan, the Honorable Jessica G. L. Clarke dismissed the First Interpleader Action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (First Interpleader Action, Dkt. No. 10).

### B. **Procedural Background**

On October 25, 2023, FHB filed this interpleader action under Federal Rule of Civil Procedure 22 ("Rule 22"), again naming Mr. Golam, "a citizen of Bangladesh and Canada," and Mr. Sobhan, "a citizen of Bangladesh and Dubai, United Arab Emirates." (Dkt. No. 1 ¶¶ 2–3, 7 (the "Complaint")). FHB alleged that while Mr. Golam contended that he was a joint owner of the Sobhan Account and was entitled to the Funds, records from Mr. Sobhan reflected that Mr. Sobhan was "the sole owner of the Sobhan Account, with [Mr.] Golam having only

limited rights as a signer which, by [Mr.] Golam's own statement to FHB, were relinquished." (Id. ¶¶ 21–23).  Having been unable to determine who was "entitled to take legal possession of the Funds[,]" FHB proposed to deposit the funds with the Clerk of the Court and be discharged from further liability.  (Id. ¶¶ 25–27).

On January 10, 2024, Mr. Golam, represented by counsel, filed an answer to the Complaint that included the Crossclaim against Mr. Sobhan.  (Dkt. No. 9).  Although the Crossclaim is unlabeled, (id. at 4–7), Mr. Golam claimed that he was "sole owner of the Funds" and was "entitled to a judgment awarding him the total amount of the Funds."  (Id. at 7 ¶¶ 19–20).  Mr. Golam also asked not to be required to pay FHB's attorneys' fees and costs but asked to recover his attorneys' fees and costs.  (Id. at 7 ¶ 21; see id. at 7–8).  On February 12, 2024, Mr. Golam's counsel withdrew, and Mr. Golam elected to proceed pro se. (Dkt. Nos. 16; 20–26).

On July 12, 2024, the Honorable Margaret M. Garnett, on FHB's motion, awarded FHB attorneys' fees and costs of $7,185.00, directed FHB to transfer the Funds to the Clerk of the Court, directed the Clerk of the Court to deposit and maintain the Funds in an interest-bearing account, and directed FHB to provide contact information for Mr. Sobhan, who, despite having apparently been served on February 14, 2024, had not yet appeared in the action.  (Dkt. Nos. 18; 33 (the "July 12 Order")).  On August 30, 2024, after FHB failed to comply with the July 12 Order, Judge Garnett again ordered FHB to transfer the Funds to the Clerk of the Court and provide Mr. Sobhan's contact information by no later than September 13, 2024.  (Dkt. No. 35).  On

September 12, 2024, FHB notified the Court that it had wired the Funds[1] to the Clerk of the Court and provided Mr. Sobhan's contact information. (Dkt. No. 36). Accordingly, Judge Garnett dismissed FHB from the action without prejudice and referred the action to the undersigned for general pretrial supervision and for report and recommendation on dispositive motions. (Id.)

On September 18, 2024, it having appeared that Mr. Golam had not yet served the Crossclaim on Mr. Sobhan, the Court ordered Mr. Golam to file proof of service of the Crossclaim as well as the summons and Complaint. (Dkt. Nos. 38; 40). After Mr. Golam filed proof of three attempts to serve Mr. Sobhan, the Court granted Mr. Golam an extension of time to effect service on Mr. Sobhan's home address in Dubai, United Arab Emirates. (Dkt. Nos. 41–43; 45). On November 2, 2024, Mr. Golam was ultimately able to serve Mr. Sobhan via Federal Express. (Dkt. Nos. 46–47).

In December 2024, Mr. Sobhan, through counsel, appeared and requested that the Court extend his deadline to respond to the Crossclaim and schedule a settlement conference. (Dkt. No. 52). On January 13, 2025, the Court held what would be the first of several settlement conferences, at which Mr. Golam requested the appointment of pro bono counsel for future settlement conferences. (Dkt. No. 53; Dkt. minute entry dated Jan. 13, 2025). The Court granted Mr. Golam's request for pro bono counsel, and on February 5, 2025, Kimberly Kirschenbaum, Esq. ("Ms. Kirschenbaum"), appeared on Mr. Golam's behalf for settlement purposes. (Dkt. Nos. 54; 55). Ms. Kirschenbaum represented Mr. Golam at the next settlement conference, on February 20, 2025, (Dkt. minute entry dated Feb. 20, 2025), but Mr. Golam then decided to

---

[1] As of September 12, 2024, the Funds totaled $994,092.06, presumably due to accrued interest. (Dkt. No. 36).

represent himself pro se and "terminate[d]" Ms. Kirschenbaum, whose motion to withdraw the Court granted.  (Dkt. Nos. 59; 59-1 ¶ 6; 60).

Over the next several weeks, the Court conducted several additional settlement conferences, in which Mr. Golam continued to proceed pro se.  (Dkt. Nos. 58; 61; 62; 63; Dkt. minute entries dated Apr. 23, 2025, May 27, 2025, June 10, 2025, June 23, 2025).  Despite these efforts, the parties did not reach a settlement and the Court subsequently entered a case management plan, which, inter alia, set November 5, 2025 as Mr. Sobhan's deadline to answer, move, or otherwise respond to the Crossclaim and June 30, 2026 as the deadline for fact discovery.  (Dkt. No. 73 (the "CMP")).

On November 5, 2025, Mr. Sobhan filed the MTD in which he represents that he is "not asserting any claims to the [] Funds and consents to the Clerk's Office releasing the [] Funds to [Mr.] Golam with [Mr.] Sobhan having no subsisting claims whatsoever to the [] Funds." (Dkt. Nos. 74; 75 ¶ 2; 76 at 2).  Mr. Sobhan also argues that, because the Court lacks personal jurisdiction over him, Mr. Golam's recovery is limited to the Funds and may not include attorneys' fees and costs.  (Dkt. No. 76 at 7).  In response to the MTD, Mr. Golam filed a letter stating that he consented to the Funds being released to him and the dismissal of the Crossclaim against Mr. Sobhan "but only on the basis that the dismissal is entered on mootness grounds" and "'without prejudice.'"  (Dkt. No. 77 at 1).  Mr. Golam also demanded that the dismissal "not have any res judicata or collateral estoppel effect, [] and not limit or waive [his] right to assert any claims [he] may have in the future against Mr. Sobhan and/or [FHB][.]"  (Id.)  Finally, Mr. Golam requested that "the Court not dismiss the action as to Mr. Sobhan until the [] Funds have actually been released and are accessible to [him] without restriction."  (Id.; see Dkt. No. 78).  Mr. Golam

6

filed a proposed order memorializing these terms but omitting any request for attorneys' fees or costs.  (Dkt. No. 78 ("Mr. Golam's Proposed Order")).  In reply, Mr. Sobhan reiterated that he was "expressly consenting to the very relief being sought in the Crossclaim[,]" and disputed Mr. Golam's improper "request for legal advice from the Court" concerning the legal significance of any dismissal order.  (Dkt. No. 83 at 1–2).  Mr. Sobhan also filed a proposed order dismissing the Crossclaim with prejudice and a proposed order instructing the Clerk of the Court to disburse the Funds to Mr. Golam.  (Dkt. Nos. 83-1; 83-2).  The Court held all deadlines under the CMP in abeyance pending determination of the MTD.  (Dkt. No. 88).

### III. DISCUSSION

#### A. Legal Standards

##### 1. Federal Subject Matter Jurisdiction

For a federal court to have subject matter jurisdiction, there must be a live case or controversy at all stages of a federal court proceeding.  See In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999) (per curiam).[2]  The case becomes moot if there ceases to be a live case or controversy.  Id.  When a dispute becomes moot, reaching a substantive issue "would overstep the bounds of the authority granted [to the court] by the federal Constitution[,]" specifically, Article III § 2.  United States v. Blackburn, 461 F.3d 259, 265 (2d Cir. 2006) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998)).  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."  Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983).  When a case becomes moot, it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  See Lillbask v. State of Conn. Dep't

---

[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

of Educ., 397 F.3d 77, 84 (2d Cir. 2005). To determine whether an action is moot, "the Court can consider information extrinsic to the pleadings[.]" Li v. U.S. Citizenship & Immigr. Servs., No. 22 Civ. 6556 (VEC) (SN), 2023 WL 4534446, at *1 (S.D.N.Y. June 20, 2023), adopted by, 2023 WL 4534887 (S.D.N.Y. July 13, 2023).

### 2.  Rule 22 Interpleader

FHB brought this interpleader action under Rule 22. (Dkt. No. 1 ¶ 7).[3] Rule 22 permits a plaintiff to join as defendants "[p]ersons with claims that may expose a plaintiff to double or multiple liability[.]" Fed. R. Civ. P. 22(a)(1). To invoke rule interpleader, "a traditional basis for subject matter must exist." 6247 Atlas Corp. v. Marine Ins. Co., Ltd., No. 2A/C, 155 F.R.D. 454, 465 (S.D.N.Y. 1994). "That is, there must be either diversity of citizenship jurisdiction or federal question jurisdiction." Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc., 368 F. Supp. 3d 460, 474 (E.D.N.Y. Mar. 25, 2019). "Rule 22 has no special service of process rule or separate provision for personal jurisdiction." Id. at 478.

If the jurisdictional requirements of rule interpleader are met, "the court next examines whether the interpleader action is appropriate by assessing whether the plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund, regardless of the merits of the competing claims." Madison Stock Transfer, 368 F. Supp. 3d at 476. Provided that "the stakeholder has a good faith basis to fear double liability, interpleader is appropriate[.]" Id. "[T]he court need not analyze the merits of the claims because the

---

[3] FHB did not invoke statutory interpleader under 28 U.S.C. § 1335, which has "the same purpose and perform[s] the same function [as rule interpleader], and differ[s] only in the[] requirements for subject matter jurisdiction, venue, and service of process." Great Wall de Venezuela C.A. v. Interaudi Bank, 117 F. Supp. 3d 474, 482 n.11 (S.D.N.Y. 2015).

stakeholder should not be obliged at its peril to determine which of the two claimants has the better claim." Id.

### 3. Pro Se Considerations

Where, as here, we are considering the pleading of a pro se litigant like Mr. Golam, we must construe the pleading "liberally, reading it with special solicitude and interpreting it to raise the strongest claims it suggests." J.S. v. T'Kach, 714 F.3d 99, 103 (2d Cir. 2013). "Consistent with that approach, factual allegations made in a pro se [litigant's] opposition papers, or the attachments thereto, may be considered as supplementing the [pleading], at least to the extent they are consistent with the allegations in the [pleading]." Tsinberg v. City of New York, No. 20 Civ. 749 (PAE), 2021 WL 1146942, at *4 (S.D.N.Y. Mar. 25, 2021). That said, the Court need not accept allegations that are "contradicted by other matters asserted or relied upon or incorporated by reference by [a pro se litigant] in drafting the [pleading]." Fisk v. Letterman, 401 F. Supp. 2d 362, 368 (S.D.N.Y. 2005). Nor does pro se status "exempt a party from compliance with relevant rules of procedural and substantive law." Maisonet v. Metro. Hosp. & Health Hosp. Corp., 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009). "[E]ven a pro se plaintiff 'must state a plausible claim for relief.'" Tsinberg, 2021 WL 1146942, at *4 (quoting Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013)).

### B. Application

Mr. Sobhan seeks dismissal of the Crossclaim on the grounds that (1) having consented to the release of the Funds to Mr. Golam, the Crossclaim is moot; and (2) the Court lacks personal jurisdiction over Mr. Sobhan with respect to any claim by Mr. Golam for attorneys' fees. (Dkt. No. 76). In response, Mr. Golam "consent[s] to the dismissal of" the Crossclaim, "but only

9

on the basis that the dismissal is entered on mootness grounds" and is entered "without prejudice" only after the Funds "have actually been released and are accessible to [him] without restriction." (Dkt. No. 77 at 1). We address Mr. Sobhan's arguments in turn.

### 1. Mootness

The record demonstrates the parties' mutual consent to the release of the Funds to Mr. Golam. (See Dkt. Nos. 75 ¶ 2 (Mr. "Sobhan is not asserting any claims to the [] Funds and consents to the Clerk's Office releasing the entirety of the [] Funds to [Mr.] Golam with [Mr.] Sobhan having no subsisting claims whatsoever to the [] Funds[.]"); 77 (Mr. Golam "consent[s] to the release of the [] Funds to [him], as requested in the [MTD].")). This is the relief that Mr. Golam sought in the Crossclaim: an "award[] [of] the total amount of the Funds to [him]." (Dkt. No. 9 at 7). On the Clerk of the Court's release of the Funds to Mr. Golam, the Crossclaim will be moot and the Court will lack subject matter jurisdiction over this action. See Li, 2023 WL 4534446, at *1 (recommending dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) after plaintiff received relief she sought and her claim became moot).

There remains one issue the parties do dispute: Mr. Sobhan seeks dismissal of the Crossclaim "with prejudice[,]" while Mr. Golam asks for dismissal "without prejudice." (Compare Dkt. No. 75-4, with Dkt. Nos. 77 at 1; 78 at 1). It is well-settled that "where the dismissal is due to the court's lack of subject matter jurisdiction," the dismissal must be "without prejudice." Katz v. Donna Karan Co. L.L.C., 872 F.3d 114, 116 (2d Cir. 2017); see Abadi v. City of New York, No. 22 Civ. 1560, 2023 WL 3295949, at *3 n.3 (2d Cir. May 8, 2023) (summary order) ("Because the Court lacks subject matter jurisdiction on mootness and standing grounds, the amended complaint should be dismissed without prejudice.").

10

We therefore recommend that the MTD be granted, the Clerk of the Court be directed to release the Funds to Mr. Golam, and the Crossclaim be dismissed without prejudice.

### 2. Personal Jurisdiction With Respect to Attorneys' Fees

Mr. Sobhan argues that because Mr. Golam's alleged basis of jurisdiction is "in rem and/or quasi in rem jurisdiction" with respect to the Funds, the Court otherwise lacks personal jurisdiction over Mr. Sobhan, so "recovery is limited to the [] Funds and there can be no recovery from [Mr.] Sobhan for legal fees or anything else." (Dkt. No. 76 at 7).  Mr. Sobhan's argument is thin on legal authority — the only case he cites addresses personal jurisdiction in the context of a defamation claim, for which New York courts construe personal jurisdiction more narrowly, see SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n, 18 N.Y.3d 400, 405 (2012) — and less than clear.  (See Dkt. No. 76 at 7 (citing Tannerite Sports, LLC v. NBCUniversal Media LLC, 135 F. Supp. 3d 219 (S.D.N.Y. 2015)).

We note, however, that while Mr. Golam requested attorneys' fees in the Crossclaim (Dkt  No. 9 at 7–8), in neither his response to the MTD nor Mr. Golam's Proposed Order does Mr. Golam, who has been proceeding pro se during most of this action, mention attorneys' fees or address Mr. Sobhan's argument.  (Dkt. Nos. 77; 78).  It is thus appropriate to deem Mr. Golam to have abandoned any claim for attorneys' fees.  See Rohn Padmore, Inc. v. LC Play Inc., 679 F. Supp. 2d 454, 459 (S.D.N.Y. 2010) (deeming plaintiff to have abandoned claims that he failed to address in opposition to summary judgment).  Because Mr. Golam abandoned any claim for attorneys' fees, it is not therefore necessary to analyze whether the Court would have personal jurisdiction over Mr. Sobhan with respect to such a claim.  In any event, even if Mr. Golam were not deemed to have abandoned the request for attorneys' fees in the Crossclaim, Rule 22 does

11

not provide any basis for the recipient of interpleaded funds to recover attorneys' fees.  <u>See</u>

Fed. R. Civ. P. 22.  Finally, as a <u>pro</u> <u>se</u> litigant, he has no entitlement to attorneys' fees.  <u>See Tam</u>

<u>v. United States</u>, No. 98 Civ. 0069 (BSJ), 2000 WL 1234576, at *1 (S.D.N.Y. Aug. 20, 2000).

### IV.<u>CONCLUSION</u>

For the reasons set forth above, we respectfully recommend that the MTD be **GRANTED**

as follows:

(1) The Clerk of the Court be directed, using the language substantially set forth in

Mr. Sobhan's Proposed Order Authorizing Interpleader Disbursement (Dkt. No. 83-2),

to disburse the Funds to Mr. Golam;

(2) On the Clerk of the Court's disbursement of the Funds to Mr. Golam, as set forth

above, this action, including the Crossclaim, be dismissed in its entirety without

prejudice and the action be closed.

Dated:      New York, New York
            June 4, 2026

_____

(SARAH L. CAVE
**United States Magistrate Judge**

12

*                    *                    *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Garnett.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985). If Mr. Golam does not have access to cases cited in this Report and Recommendation that are reported on Westlaw, he may request copies from Mr. Sobhan's counsel. See Local Civ. R. 7.2.