```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/02/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIRST HORIZON BANK,

                                     Interpleading Plaintiff,

          -against-                                          23-CV-09408 (MMG)

MOHAMMED GOLAM and SAYEM SOBHAN,                             **ORDER**

                                     Interpleaded
                                     Defendants.


MARGARET M. GARNETT, United States District Judge:

On November 5, 2025, Interpleaded Defendant Sayem Sobhan filed a motion to dismiss the crossclaim of Interpleaded Defendant Mohammed Golam, seeking an award of the funds deposited by Interpleading Plaintiff First Horizon Bank. Dkt. No. 74. The motion to dismiss was referred to Magistrate Judge Cave for a Report and Recommendation. *See* Dkt. No. 37. In the Report and Recommendation filed on June 4, 2026, Judge Cave recommended that the motion be granted. *See* Dkt. No. 94 ("R&R").

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 13. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well-reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is respectfully directed to disburse the funds deposited by First Horizon Bank to Mr. Golam using the language substantially set forth in Mr. Sobhan's Proposed Order Authorizing Interpleader Disbursement, Dkt. No. 83-2.  On disbursement of the funds to Mr. Golam, the Clerk of Court shall dismiss this action without prejudice and CLOSE this case.

Dated: July 2, 2026
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

2